FILED20 NOV '24 13:35USDC-ORP

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

**UNITED STATES OF AMERICA**

**v.**

**SANJAY KAUSHIK**

**Defendant.**

**3:24-cr-00439-IM**

**INDICTMENT**

**50 U.S.C. § 4819(a)(1)**
**50 U.S.C. §§ 4819(a)(2)(A)–(D), (F)**
**15 C.F.R. §§ 736.2 and 746.8**

**Forfeiture Allegation**

**THE GRAND JURY CHARGES:**

**<u>COUNT ONE</u>**
**(Conspiracy to Export Products in Violation of the Export Control Reform Act and the Export Administration Regulations)**
**(50 U.S.C. §§ 4819(a)(1), (a)(2)(D)**
**15 C.F.R. §§ 736.2, 746.8)**

Beginning no later than on or about March 15, 2023, and continuing to at least on or about October 17, 2024, in the District of Oregon and elsewhere, Defendant SANJAY KAUSHIK, together with others known and unknown to the Grand Jury, did knowingly and willfully combine, conspire, confederate, and agree to export and reexport, and cause the export and reexport, of items on the Commerce Control List, 15 C.F.R. Part 774, Supplement Number 1, including aircraft parts, components, and technology, from the United States to Russia and

Russian end users without first having obtained the required license or authorization from the U.S. Department of Commerce for such exports and reexports.

In violation of Title 50, United States Code, Sections 4819(a)(1) and 4819(a)(2)(D) and Title 15, Code of Federal Regulations, Sections 736.2 and 746.8.

**COUNT TWO**
**(Attempting to Export Goods in Violation of the Export Control Reform Act and Export Administration Regulations)**
**(50 U.S.C. §§ 4819(a)(1), (a)(2)(A), (a)(2)(B), (a)(2)(C)**
**15 C.F.R. §§ 736.2, 746.8)**

On or about and between September 7, 2023 and January 17, 2024, in the District of Oregon and elsewhere, Defendant SANJAY KAUSHIK did knowingly and willfully attempt to export and reexport, and did cause, aid, and abet the same, an item on the Commerce Control List, 15 C.F.R. Part 774, Supplement Number 1, that is a Northrup Grumman LCR-100 Gyrocompass Attitude Heading Reference System ("AHRS"), from the United States to Russia, through India, without first having obtained the required license or authorization from the U.S. Department of Commerce for such export and reexport.

In violation of Title 50, United States Code, Sections 4819(a)(1), (a)(2)(A), (a)(2)(B), and (a)(2)(C) and Title 15, Code of Federal Regulations, Sections 736.2 and 746.8.

**COUNT THREE**
**(False Statements)**
**(50 U.S.C. §§ 4819(a)(1), (a)(2)(F)(iii))**

On or about September 7, 2023, in the District of Oregon and elsewhere, for the purpose of and in connection with effecting an export or reexport of an item subject to the Export Administration Regulations, that is a Northrup Grumman LCR-100 AHRS, Defendant SANJAY KAUSHIK did knowingly and willfully make a false and misleading representation, statement,

and certification, and conceal a material fact, directly to the Department of Commerce, and indirectly through another person, to wit:

- In connection with the export of the AHRS, Defendant falsely certified to U.S. Company 1 that the end user was Indian Company 1, an entity known to the Grand Jury, and that the end use application of the AHRS would be used in a civilian helicopter with tail number VT-IKR and serial number 22071.

When, in truth and fact, Defendant then intended to and planned to facilitate the export and reexport of the AHRS to an end-user in Russia.

In violation of Title 50, United States Code, Sections 4819(a)(1) and (a)(2)(F)(iii).

/////

/////

/////

/////

/////

/////

/////

/////

/////

/////

/////

/////

/////

/////

**Forfeiture Allegation**

Upon conviction of any of the offenses in Counts 1-3 of this Indictment, the defendant shall forfeit to the United States pursuant to 50 U.S.C. § 4819(d)(1)(A), (C) any property used or intended to be used to facilitate the violations; any property constituting or traceable to the gross proceeds taken, obtained, or retained in connection with the violations; and any items or technology exported or intended to be exported as part of the violations. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

(a) cannot be located upon the exercise of due diligence;

(b) has been transferred or sold to, or deposited with, a third party;

(c) has been placed beyond the jurisdiction of the court;

(d) has been substantially diminished in value; or

(e) has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c), to seek forfeiture of any other property of said defendant up to the value of the forfeitable property described.

Dated: November 20, 2024

A TRUE BILL.

[redacted]

OFFICIATING FOREPERSON

Presented by:

NATALIE K. WIGHT
United States Attorney

GREGORY R. NYHUS, OSB #913841
KATHERINE A. RYKKEN, CSB #267196
Assistant United States Attorneys